UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDERSON,<br>Plaintiff,<br>v.<br>BLUE SHIELD OF CALIFORNIA,<br>Defendant. | Case No.: 26cv01272-LL-JLB<br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>[ECF No. 6] |

## I. INTRODUCTION

Before the Court is Defendant Blue Shield of California Promise Health Plan's Motion to Dismiss pro se Plaintiff James Anderson's Complaint pursuant to Rule 12(b)(6). ECF No. 6. Plaintiff filed an Opposition to the Motion [ECF No. 8], and Defendant filed a Reply [ECF No. 9]. This matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. Having carefully considered Plaintiff's Complaint and the parties' briefs, the Court **GRANTS** Defendant's Motion to Dismiss.

/ / /

/ / /

/ / /

## II. BACKGROUND

On October 8, 2025, Plaintiff, proceeding pro se, filed a form complaint in the Superior Court of California, alleging two causes of action against Defendant: (1) General Negligence, and (2) a violation of Americans with Disabilities Act ("ADA"). ECF No. 1-2. Specifically, Plaintiff contends that he is a member of Defendant's insurance plan and that Defendant has repeatedly denied his transportation requests to schedule rides to "different places in the community such as Walmart, Albertsons [etc]. to train with [his] service dog." ECF No. 1-3 at 2. Plaintiff contends that Defendant's "transportation customer service" told him that they will "only transport to medical appointments at medical facilities." ECF No. 1-3 at 2. Plaintiff alleges that by denying his transportation requests, Defendant refused to provide reasonable accommodation under the ADA. ECF No. 1 ¶ 7.

On February 27, 2026, Defendant removed the case to federal court based on federal question jurisdiction. ECF No. 1 at 2. On March 5, 2026, Defendant moved to dismiss all of Plaintiff's claims based on a failure to state a claim. ECF No. 25 at 8–13.

## III. LEGAL STANDARD

Parties may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive this motion, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This standard is ultimately a liberal one, especially when the action has been filed pro se. *Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976) (explaining a less stringent standard for pro se complaints compared to pleadings written by lawyers). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d

979, 988 (9th Cir. 2001)) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

Generally, "[i]f a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Systems, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1402 (9th Cir. 1986)).

## IV. DISCUSSION

### A. General Negligence

The Court agrees with Defendant that Plaintiff abandoned the claim of General Negligence when Plaintiff failed to address it in his Opposition. ECF No. 9 at 3 n.2; *See generally* ECF No. 8. "Where a plaintiff has failed to address an argument raised in a defendant's motion to dismiss, courts in the Ninth Circuit have found that the plaintiff has abandoned the claim." *Gold as Tr. of Michelle Gold Separate Prop. Tr. dated Dec. 23, 2002 v. Nat'l Default Servicing Corp.*, No. 22-CV-1232 JLS (AGS), 2023 WL 2394643, at *4 (S.D. Cal. Mar. 7, 2023) (citing *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)) (explaining a claim that fails to respond to an argument in the motion to dismiss is "effectively abandoned"); *Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1104 (S.D. Cal. 2018) (granting motion to dismiss on a claim plaintiff abandoned when he failed to address the issue in his opposition). Here, Plaintiff's Opposition does not address Defendant's argument for dismissal of the General Negligence claim, and therefore, the claim is deemed abandoned.

The Court nevertheless addresses whether Plaintiff's Complaint states a plausible claim for General Negligence on the merits. Under California law, a "[r]elationship between an insured and insurer is contractual." *Benavides v. State Farm Gen. Ins. Co.*, 136 Cal. App. 4th 1241, 1248 (2006). Further, "negligence is not among the theories of recovery available against *insurers*." *Vardazaryan v. Liberty Mut. Fire Ins. Co.*, No. CV 23-7239-JFW (JCX), 2023 WL 8884391, at *3 (C.D. Cal. Nov. 2, 2023) (quoting *Sanchez v. Lindsey Morden Claims Serv.'s*, 72 Cal. App. 4th 249, 254 (1999)) (emphasis in

original); *see also Diamond v. State Farm Mut. Auto. Ins. Co.*, No. CIV S–09–1110 MCE DAD PS, 2010 WL 2904640, at *7 (E.D. Cal. July 26, 2010) ("negligence actions generally do not lie against insurers[;] there is no case law that provides a guide for when such exceptions are appropriate."). Here, Plaintiff, the insured, is in a contractual relationship with Defendant, the insurer. Therefore, Plaintiff cannot assert a negligence claim against Defendant and accordingly has not stated a claim upon which relief can be granted.

Even if negligence were "among the theories of recovery available against insurers" the Court finds that Plaintiff's claim for General Negligence is merely conclusory. To state a cause of action for negligence, plaintiff must allege (1) duty, (2) breach, (3) causation, and (4) damages. *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996). "[A] plaintiff must establish the defendant owed a legal duty of care." *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 209 (2021). Plaintiff has not alleged any facts establishing that Defendant owed Plaintiff a legal duty of care outside of their contractual relationship. *See generally* ECF No. 1-2. Absent duty, Plaintiff does not have a claim for negligence. *See Brown*, 11 Cal. 5th at 213 ("Recovery for negligence depends as a threshold matter on the existence of a legal duty of care.") (citing *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 397 (2019)).

Given that insurers cannot be held liable for negligence under California law, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's General Negligence claim, **WITHOUT LEAVE TO AMEND**.

### B. ADA Violation

Plaintiff asks the Court to require "Blue Shield of California to alter its medical policy as a[n] ADA reasonable accommodation . . . [to] transport[] . . . client to work with his medical device." ECF No. 1-2 at 6. This Court declines to do so and finds that Plaintiff has not alleged facts for a claim upon which relief can be granted.

To state a claim for an ADA Title III violation, a plaintiff must allege that "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public

accommodations by the defendant because of [his] disability." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212–13 (9th Cir. 2020) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).[1]

First, the parties do not dispute that Plaintiff is disabled within the meaning of the ADA. The parties disagree over the second element: whether defendant owns, leases, or operates a place of public accommodation.

The Court finds that Plaintiff has not sufficiently pled facts that would allow the Court to draw a reasonable inference that Defendant operates a place of public accommodation covered by ADA Title III. Title III covers discrimination by a private entity that operates a place of public accommodation. Congress has defined and listed several private entities that are considered public accommodations, such as "[a] pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment." 42 U.S.C.A. §12182(7)(F). In fact, every place of public accommodation listed in 42 U.S.C.A is a ***physical location***. *See generally* 42 U.S.C.A. §12181(7)(A-L).

The Ninth Circuit also has held that a place of public accommodation requires a connection between the goods or services and an ***actual physical place***. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) ("an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled."); *Earll v. eBay, Inc.*, 599 F. App'x 695, 696 (9th Cir. 2015) (holding that the ADA claim fails as a matter of law because eBay's services are not connected to a physical place and thus eBay is not subject to the ADA); *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015) (holding that Netflix is not subject to the ADA as a matter of law because Netflix's services are not connected to a physical place).

---

[1] Plaintiff did not specify which ADA Title he made his claims under. *See generally* ECF No. 1-2. The Court agrees with Defendant that Title I and II do not apply here. ECF No. 6 at 5 n.2. Therefore, the Court evaluates Plaintiff's claim under ADA Title III.

Here, Plaintiff has not alleged facts demonstrating that Defendant owns, leases, or operates a ***physical place*** of public accommodation under ADA Title III. *See generally* ECF No. 1-3. If anything, Plaintiff's asserted ADA violation concerns substantive policy benefits, such as transportation and location and type of covered facilities. "Title III of the ADA requires an insurance office to be physically accessible to the disabled, [but] it does not address the terms of the policies the insurance companies sell[]." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1047 (9th Cir. 2000) (citing *Weyer*, 198 F.3d at 1115). In other words, an assertion that the benefits of an insurance policy are discriminatory is not a claim upon which relief can be granted under ADA Title III.

Thus, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's ADA violation claim **WITH LEAVE TO AMEND**.

## V. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for claim (1) General Negligence **WITHOUT LEAVE TO AMEND** and claim (2) ADA violation **WITH LEAVE TO AMEND.** Plaintiff must file an amended complaint curing the identified deficiencies on or before **August 14, 2026**.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Honorable Linda Lopez
United States District Judge